**Checker Taxi Company, Appellant, v. David B. Turkington, Appellee.**

**Gen. No. 36,503.**

Opinion filed December 13, 1933.

STEBBINS & L'AMOREAUX, for appellant; JOHN M. ALLEN, of counsel.

HERBERT J. FERGUSON and LEE E. DANIELS, for appellee; HERBERT J. FERGUSON, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The plaintiff, Checker Taxi Co., brought its action in replevin to recover a taxicab from the defendant Turkington. From the return of the bailiff of the municipal court it appears that the property in question was in the possession of one Dan B. Weller who entered his appearance as a defendant and filed cross errors in this case. The trial court found that Weller had no interest in the taxicab replevined and from an examination of the testimony we are in accord with this finding.

The draft judgment order found that the defendant Turkington was indebted to the Checker Taxi Co. in the net sum of $137.22 and entered what appears to have been a conditional judgment finding the right of property in the Checker Taxi Co., but ordering the return of the property upon payment by Turkington to the plaintiff the sum of $137.22. This amount was tendered to the plaintiff in open court and refused and the money was deposited with the clerk of the court subject to the order of the plaintiff. It was thereupon ordered that the defendant have and recover of and from the plaintiff the property replevined and that a writ of *retorno habendo* issue therefor.

In this State, as the rule existed at common law, a replevin action was one brought to obtain possession

of property, and set-off or counterclaim has not been ordinarily regarded as allowable in such an action. The rule is found in Corpus Juris, Vol. 54, p. 418, as follows:

"(§ 4) C. As POSSESSORY ACTION. Replevin is a possessory action. The property is the subject of the action. The gist of the action is plaintiff's right to immediate possession and defendant's wrongful taking or wrongful or unlawful detention. The issues to be determined are plaintiff's present right to possession of the property and defendant's unlawful detention or possession; and the question of title is not necessarily involved in such an action, although it may be put in issue. The primary object of the action is the recovery of the property itself with damages for the taking and detention, and secondarily the recovery of a sum of money equivalent to the value of the property taken and detained, with interest thereon. Being purely possessory, replevin is not a proper remedy for the collection of a debt, nor for money due on account, nor to enforce a mere contractual duty, nor to enforce delivery of a deed, nor to determine defendant's liability as indorser of a note, and it cannot be sustained for the purpose of trying the right of property. . . ."

Plaintiff's right to possession arises under a bill of sale from Turkington to the plaintiff and a driver's contract with the right to hold said possession so long as the defendant was in the employ of the company and thereafter until any indebtedness owing from the defendant to the company should have been paid. The defendant admits owing the plaintiff the sum of $137.22, so that the plaintiff was entitled to the right to possession at the time of the bringing of the action in replevin.

The only provision made in the statute for an alternative judgment is found in section 22 of the act en-

titled Replevin, chapter 119, ¶ 22, Cahill's Ill. Rev. St. 1933, which reads as follows:

". . . if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property in case such property has been delivered to the plaintiff."

The property in this case was not held by the defendant Turkington for the payment of any money inasmuch as it is admitted that the plaintiff did not owe Turkington anything but, on the other hand, Turkington was indebted to the plaintiff. If the property in question had been in the possession of the Checker Taxi Co. and Turkington had brought the replevin action, there might have been a conditional judgment directing the Checker Taxi Co. to return the property upon the payment by Turkington of the amount due to him. In the case at bar, however, the facts are just the converse. The order of the trial court should, therefore, have been in favor of the plaintiff, leaving to the defendant the right to proceed on his own initiative to recover the taxicab after the tender of whatever amount he owed that company.

We have examined the cases cited to the effect that such indebtedness may be set off in replevin and find that these cases arise under very dissimilar statutes of the various States from which decisions are quoted. Under these statutes the distinction between law and equity is abolished, or additional rights are given to defendants in replevin actions by such statutes. The new Practice Act, Cahill's St. 1933, ch. 110, ¶ 129 *et seq.*, may provide for a complete remedy between the parties. As the law now stands in this State, however, the defendant was not entitled to a set-off in this action.

In view of the position of this court in regard to the replevin action, it becomes unnecessary to discuss the other questions raised. The cross errors assigned are overruled, and the cause will be remanded with directions to the trial court to expunge the order directing the return of the property and to find in favor of the plaintiff with directions to return the money deposited by the defendant with the clerk of that court.

*Judgment reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.